**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LISA MARIE HINES, | Civil Action No. 18-16037 (SRC) |
| Plaintiff, | |
| v. | OPINION |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**CHESLER, District Judge**

This matter comes before the Court on the appeal by Plaintiff Lisa Marie Hines ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that she was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. Civ. R. 9.1(b), finds that the Commissioner's decision will be vacated and remanded.

In brief, this appeal arises from Plaintiff's application for disability benefits, alleging disability beginning April 1, 2013. A hearing was held before ALJ George Michael Gaffeney (the "ALJ") on June 9, 2017, and the ALJ issued an unfavorable decision on August 23, 2017, finding that Plaintiff had not been disabled during the period in question. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

On appeal, Plaintiff challenges the Commissioner's decision on several grounds, but this Court need only reach the one argument that succeeds: pursuant to Lucia v. S.E.C., 138 S.Ct. 2044 (2018), the ALJ who decided Plaintiff's case was not properly appointed under the Appointments Clause. On July 16, 2019, at the Commissioner's request, this case was stayed pending the Third Circuit's decision in the consolidated Bizarre and Cirko appeals. After the Third Circuit decided Cirko, obo Cirko v. Comm'r of Soc. Sec., 948 F.3d 148 (3d Cir. 2020), and after the Third Circuit denied a petition for a rehearing *en banc*, the stay was lifted, and this case is now ready for decision.

In opposition to Plaintiff's Lucia argument, the Commissioner argued that Plaintiff had failed to raise her Appointments Clause challenge at any point in the administrative process, and therefore had forfeited her claim, because asserting the challenge for the first time on appeal does not constitute a "timely challenge" under Lucia. In Cirko, the Third Circuit directly addressed this question, and held that claimants for Social Security disability benefits need not exhaust Appointments Clause challenges before the administrative law judges whose appointments they are challenging. Id. at 152. Pursuant to Cirko, the Commissioner's objection fails, and Plaintiff's argument succeeds. Pursuant to Lucia, the ALJ who decided Plaintiff's case was not properly appointed under the Appointments Clause. Plaintiff's appeal will be granted, and the decision of the Commissioner will be vacated; the case will be remanded so that Plaintiff may obtain "a new hearing before a different constitutionally appointed ALJ." Cirko, 948 F.3d at 152.

                                                           s/ Stanley R. Chesler
                                                  STANLEY R. CHESLER, U.S.D.J.

Dated: May 5, 2020