<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| LISA MARIE HINES, | : | Civil Action No. 18-16037 (SRC) |
| Plaintiff, | : | |
| v. | : | **OPINION & ORDER** |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| Defendant. | : | |

**<u>CHESLER, District Judge</u>**

    This matter comes before the Court on the motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, by Plaintiff Lisa Marie Hines. For the reasons stated below, the motion will be denied.

    Plaintiff filed the Complaint in this action on November 11, 2018. Plaintiff sought to appeal the Commissioner's decision denying disability benefits. The parties briefed the appeal, and Plaintiff raised the argument, along with other grounds, that the ALJ had not been properly appointed under the Constitution. The Commissioner opposed this argument on the ground that Plaintiff had failed to raise it during the administrative process. On July 16, 2019, at the Commissioner's request, this case was stayed pending the Third Circuit's decision in the consolidated <u>Bizarre</u> and <u>Cirko</u> appeals. After the Third Circuit decided <u>Cirko, obo Cirko v. Comm'r of Soc. Sec.</u>, 948 F.3d 148 (3d Cir. 2020), and after the Third Circuit denied a petition

1

for a rehearing *en banc*, the stay was lifted. This Court decided the appeal in Plaintiff's favor on the ground that, pursuant to Lucia v. S.E.C., 138 S.Ct. 2044 (2018), the ALJ who decided Plaintiff's case was not properly appointed under the Appointments Clause and, pursuant to Cirko, Plaintiff had not forfeited this claim by failing to raise it at the administrative level. Plaintiff now moves for an award of attorney fees, pursuant to 28 U.S.C. § 2412(d), in the amount of $8,590.20, plus $400.00 in costs. The Commissioner opposes the motion on the ground that the Commissioner's position was substantially justified.

Generally, the party seeking attorney's fees must prove the reasonableness of its request. Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990). Pursuant to EAJA, the prevailing party in a non-tort action by or against the United States is entitled to attorney's fees and costs "unless the court finds that the position taken by the government 'was substantially justified or that special circumstances make an award unjust.'" Morgan v. Perry, 142 F.3d 670, 682 (3d Cir. 1998) (quoting 28 U.S.C. § 2412(d)(1)(A)). The Third Circuit has established the following framework for deciding substantial justification:

> The Supreme Court has defined substantial justification under the EAJA as "justified in substance or in the main — that is, justified to a degree that could satisfy a reasonable person." *Pierce*, 487 U.S. at 565. In EAJA claims, the government bears the burden of demonstrating substantial justification. *See Hanover*, 989 F.2d at 128 (citation omitted). To satisfy this burden and defeat a prevailing party's application for fees, the government must establish that there is substantial justification for its position by demonstrating "(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory it propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced." *Morgan*, 142 F.3d at 684 (citation omitted). Furthermore, "a court cannot assume that the government's position was not substantially justified simply because the government lost on the merits." *Id.* at 685. Rather, when deciding whether the government is substantially justified, courts should determine whether the government's position has a reasonable basis in both fact and law. *See id.* at 684.

2

Cruz v. Comm'r of Soc. Sec., 630 F.3d 321, 324-25 (3d Cir. 2010).

The Commissioner argues that, while the Third Circuit has now ruled that a claimant who fails to raise it at the administrative level does not forfeit an Appointments Clause claim, before the Cirko decision, it was a close question of unsettled law, one that many courts had resolved in the Commissioner's favor. The Commissioner contends that "the vast majority of district courts outside of the Third Circuit have agreed with the Commissioner's position." (Def.'s Opp. Br. 5.) This, the Commissioner argues, demonstrates that the Commissioner had a reasonable basis in law for the legal theory it proposed.

In reply, Plaintiff makes a number of arguments. First, Plaintiff points to the fact that the Commissioner bears the burden of proof of substantial justification, which is undisputed. Plaintiff then quotes the Third Circuit's decision in Morgan v. Perry, 142 F.3d 670, 690 (3d Cir. 1998): "Indeed, in the usual case, a constitutional violation will preclude a finding that the government's conduct was substantially justified." The citation to Morgan is unpersuasive, for several reasons. For one, the quoted language was not a holding of that case. More importantly, however, Morgan actually undermines Plaintiff's position: the Morgan Court held that, even though the plaintiff prevailed on a claim of a Constitutional violation, the district court did not err in finding that the Government's position was substantially justified. Id. Morgan supports the Commissioner's position here, not Plaintiff's: the Morgan Court affirmed the district court's decision that the Government's position was substantially justified in large measure because it took a position on an issue that presented a substantial question of law. Id. at 688. The fact that the plaintiff had prevailed on a claim of a violation of his Constitutional rights did nothing to change that, and the Morgan Court found substantial justification

3

regardless.

Plaintiff also argues that the Commissioner bears the burden of proving substantial justification for his position both at the administrative level as well as on appeal. This is correct as a statement of law, but Plaintiff is mistaken about the issue at the administrative level. In the context of this case, it is meaningless to speak of the Commissioner's position at the administrative level. The sole issue on appeal on which Plaintiff prevailed, pursuant to Cirko, is this: Plaintiff did not forfeit her Appointments Clause claim by failing to raise it at the administrative level. The concept of a position for either party on this issue at the administrative level makes no sense: neither party took a position on that issue at the administrative level because the issue did not exist yet. The question, did Plaintiff forfeit her Appointments Clause claim by failing to raise it at the administrative level, cannot arise at the administrative level. It can only arise on appeal.

Plaintiff next argues that the Commissioner cannot prove that his position at the administrative level was substantially justified because it involved a violation of Plaintiff's Constitutional right. This fails for two reasons. First, as just established, neither party had a position at the administrative level on the issue on which Plaintiff prevailed on appeal. In addition, Plaintiff has mixed together discrete legal issues. On appeal, Plaintiff did not prevail on the issue of whether her Constitutional right was violated. There was never any dispute between the parties about Plaintiff's right, pursuant to Lucia, to a properly appointed ALJ; the Commissioner's brief in opposition to Plaintiff's appeal shows this clearly. Rather, the Commissioner's position was that Plaintiff had forfeited the argument by failing to raise it at the administrative level. (Def.'s Appeal Opp. Br. 15.) Plaintiff disagreed, the Third Circuit

decided <u>Cirko</u>, and Plaintiff prevailed on the basis of <u>Cirko</u>, not because of the Constitutional right set forth in <u>Lucia</u>.   In this litigation, the Commissioner never took the position that the ALJ was properly appointed, in defiance of <u>Lucia</u>.

This problem affects much of what follows in Plaintiff's reply brief.   Plaintiff tries to attribute to the Commissioner a position that the Commissioner did not take in this case.   The parties did not dispute or litigate whether Plaintiff's rights were violated by the fact that the ALJ had not been appointed in accord with Constitutional requirements.   What is puzzling is that, at one point in the brief, Plaintiff concedes that the disputed issue on appeal is the forfeiture issue, not the underlying violation of Constitutional rights:

> Therefore, there has only ever been one issue in this appeal - namely, ALJ level issue exhaustion. <u>Cirko</u>, 948 F.3d at 155. The sole question was whether the claimant here had forfeited her constitutional rights under the Appointments Clause by not specifically invoking them before the ALJ.

(Pl.'s Reply Br. 11.)   The Court agrees with Plaintiff on this point, which undermines Plaintiff's argument that this Court should focus on the violation of her Constitutional rights, rather than the issue that Plaintiff here concedes is the sole question at issue in the appeal.

The Court concludes that none of Plaintiff's arguments in reply to the Commissioner's argument of substantial justification have merit.   The Commissioner contends that its position in this litigation is the same as the position that the majority of district courts that have considered the issue have taken.   Plaintiff did not dispute the validity of this contention.   This Court concludes that the Commissioner's position in this litigation was substantially justified, and that the Commissioner has met the burden of proving substantial justification.   Pursuant to 28 U.S.C. § 2412(d)(1)(A), Plaintiff, although a prevailing party, is not entitled to an award of attorney's fees under EAJA.   The motion for attorney's fees is denied.

5

For these reasons,

**IT IS ON THIS** 18th day of June, 2020

**ORDERED** that Plaintiff's motion for attorney's fees (Docket Entry No. 20) is

**DENIED**.

                                                    s/ Stanley R. Chesler
                                                 STANLEY R. CHESLER, U.S.D.J.